UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  13-21105-CIV-MORENO

ELSA CUEVAS,

      Plaintiff,

vs.

ROBERT DIENER and MICHELLE DIENER,

      Defendant.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

### I. Background

This is a case for unpaid minimum wage under the Fair Labor Standards Act ("FLSA") and Florida's Minimum Wage Act, Fla. Stat. § 448.110(3). Plaintiff was live-in babysitter and housekeeper with Defendants from June 1, 2007 through February 21, 2013. She has sought five years of backpay, and claims to have worked up to 24-hour days, six days a week. Defendant has filed a Motion to Dismiss. The Motion to Dismiss argues that the Complaint is a shotgun pleading and that the Complaint includes claims for a period extending beyond the limitations period. This Court hereby finds that Plaintiff's Complaint is properly plead, and thus, Defendants' Motion to Dismiss is DENIED.

### II. Analysis

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004).

When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

Defendants' Motion to Dismiss argues three grounds for relief: (1) it is a shotgun pleading, (2) the time period for which Plaintiff makes claims extend beyond the boundary of the statute of limitations, and (3) some allegations are unnecessary or negated by federal law. Defendants do not argue that the entire Complaint should be dismissed with prejudice, rather, Defendants ask the Court to either "order a re-pleader" or "strike or order the plaintiff to modify" paragraphs 9, 12, 17, 26, and parts of paragraph 24. Defendant's aim appears to be to reduce the period covered by Plaintiff's claim from a five-year period under Florida law into a two year statutory period covered only by FLSA by striking the willful and intentional language. Essentially, Defendants are asking this Court to rewrite the Complaint so as to expose the Defendants to less potential liability. The Court declines this invitation.

## A. The Complaint is Not a Shotgun Pleading

Defendants argue that the Complaint is a shotgun pleading. The Complaint is not a shotgun pleading. While the Defendants are correct that Plaintiff unnecessarily includes allegations relating

to the affect on interstate commerce of Plaintiff's work, the Complaint contains two counts for unpaid minimum wage for a period of five years under FLSA and the Florida Minimum Wage Act, respectively. Thus, this Complaint simply does not fall under the category of shotgun pleading. *See e.g. Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 466 (11th Cir. 1996).

### B. The Amended Complaint Does not Contain Allegations that are against Black-Letter Law

Defendants' Motion to Dismiss further argues that Plaintiff has "inflated her claim" to cover a period extending beyond the limitations period under FLSA and the Florida Minimum Wage Act. Under Fla. Stat. § 95.11, the statute of limitations is five years for "an action alleging a willful violation of s. 448.110." Fla. Stat. § 95.11(2)(d).

Plaintiff has alleged a willful violation of Fla. Stat. § 448.110. Plaintiff is not entitled to damages for any unpaid minimum wage that occurred prior to March 28, 2008. Plaintiff has stated in her response brief that the Complaint only seeks damages pursuant to this five year limit. As detailed in Paragraph 24 of the First Amended Complaint, Plaintiff's calculation of damages begins on March 28, 2008. Thus, the Complaint does not ask for damages outside of the limitations period under the Florida Minimum Wage Act. There is nothing improper about the Complaint noting when the employment relationship began.

### C. Plaintiff's Unnecessary Discussion of Interstate Commerce Does Not Merit a Dismissal of the Complaint

Finally, Defendants argue that Plaintiff's explanations as to how Plaintiff's domestic work affects interstate commerce is superfluous. Defendants are correct that, under FLSA, a Plaintiff need not make a specific interstate commerce showing when they are domestic laborers, as domestic servants are covered by FLSA. 29 U.S.C. § 206(f). Defendants concerns revolve around the

possibility "for allegations like these to become the basis for discovery requests."

Unless a party can show prejudicial harm, Courts disfavor striking pleadings. *Farnham v. RIIMIC, LLC* 2012 WL 3962897 at *1 (S.D. Fla. Sept. 11, 2012) Defendants have cited *Farnham* to support their argument that this Court should dismiss the Complaint or strike the "larded up" passages. *See id. Farnham* provides no such support. In that case, the Plaintiff brought claims under FLSA, HIPAA, and the Florida Whistleblower Act. *Id.* The Court granted Defendant's Motion to Dismiss as to Plaintiff's HIPAA claims, because the employer was not a health care plan as defined by the statute, and thus the HIPAA claim could not succeed. *Id.* at *2.

In the case at bar, Defendants have pointed to no potential line of improper or intrusive discovery that will come from these interstate commerce allegations. Defendants' assertion that they will be subject to prejudicial and improper discovery requests regarding an aspect of the case that is already presumed does not merit a departure from the disinclination to strike pleadings. Simply put, Defendants have not demonstrated, or come close to demonstrating, prejudice.

## D. This is Not a Claim for Unpaid Overtime

Defendant also wants to strike any overtime claim. Plaintiff has made it abundantly clear that she is seeking only back pay for unpaid minimum wage, yet the Complaint in paragraph 26 uses the word "overtime" as opposed to the phrase "minimum wage." As a live-in domestic employee, Plaintiff is not entitled to overtime under either FLSA or the Florida Minimum Wage Act. 29 U.S.C. § 213(b)(21); Fla. Stat. § 448.110. However, dismissing or striking the entire pleading to correct what amounts to a clerical error would unnecessarily delay the adjudication of the case. Thus, the Court will not Dismiss or Strike the Complaint under these grounds.

## III. Conclusion

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Complaint **(D.E. No. 7)**, filed on **May 20, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 17 day of October, 2013.

_____

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record

-5-